Worswick, J.
(dissenting) —
¶12 The majority holds that costs for T.Z.’s (the child’s) kidney stone removal, which Kaiser Permanente would have paid for but for a non-Kaiser provider performing the removal, constitutes “[u]n-insured medical expenses” under RCW 26.18.170(18)(d). I would hold that because T.Z.’s kidney stone removal would have been covered under the Kaiser insurance had the removal been performed by a Kaiser provider, it is not an “[u]ninsured medical expense! ].” RCW 26.18.170(18)(d). Thus, I respectfully dissent.
¶13 “ ‘Uninsured medical expenses’ includes premiums, copays, deductibles, along with other health care costs not *57 covered by insurance.” RCW 26.18.170(18)(d) (emphasis added). I would hold that while medical costs that an insurance company never promised to pay (such as premiums, copays, and deductibles) are “not covered,” medical costs that an insurance company promised to pay for subject to an in-network limitation are “covered.” RCW 26.18.170(18)(d). Thus, the latter are not “uninsured medical expenses” under RCW 26.18.170(18)(d).
¶14 Basic fairness supports this interpretation, as illustrated by this case. Victor M. Zandi (the father) provided insurance that would have covered the costs for T.Z.’s kidney stone removal as long as the removal was performed by a Kaiser provider (or Kaiser’s prior approval was obtained). T.Z.’s kidney stone removal was provided by a non-Kaiser provider without Kaiser’s prior approval, resulting in a large medical bill that could have been avoided. The majority’s holding requires Victor to pay 100 percent of this large medical bill, even though Victor provided T.Z. with insurance that covered the kidney stone removal subject to the insurance plan’s in-network limitation and even though Victor was not responsible for violating that in-network limitation.
¶15 Under the majority’s holding, a parent with control over his or her child’s medical care could boundlessly violate the insurance plan’s in-network limitation with knowledge that the other parent would be forced to absorb the resulting costs. This is patently unfair. Furthermore, where the parent with control over the child’s medical care has no responsibility for the costs of violating the insurance plan’s in-network limitation, he or she has no incentive to avoid a violation.
¶16 Recognizing this, the trial court reasonably decided that because Deanna M. Zandi (the mother) was T.Z.’s primary residential parent, she was in a better position to control where T.Z. had her medical procedure and therefore should absorb 25 percent of the costs for the violation of the insurance contract’s in-network limitation. Thus, I respectfully dissent. I would affirm the superior court.
Review granted at 185 Wn.2d 1002 (2016).